[Cite as *State v. Starr*, 2015-Ohio-3675.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102593**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## WILLIAM V. STARR III

DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-582895-A

**BEFORE:** S. Gallagher, J., E.T. Gallagher, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** September 10, 2015

**ATTORNEY FOR APPELLANT**

Britta M. Barthol
P.O. Box 218
Northfield, Ohio    44067


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Frank Romeo Zeleznikar
Assistant Prosecuting Attorney
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, J.:

{¶1} Appellant William V. Starr III appeals the judgment of the trial court that ordered him to pay restitution. For the reasons stated herein, we affirm.

{¶2} After being charged under a multicount indictment for offenses of rape and kidnapping, appellant entered a plea of guilty to amended counts of gross sexual imposition and abduction, and the remaining counts were nolled. The offenses were merged as allied offenses, and the state elected to have appellant sentenced on the count of gross sexual imposition. The trial court imposed an 18-month prison sentence, with five years' mandatory postrelease control. Appellant was determined to be indigent, and costs were waived. The court ordered appellant to pay restitution to the victim in the amount of $13,220.63. Appellant was found to be a Tier I sex offender.

{¶3} At the sentencing hearing, the state indicated that the victim was seeking restitution in the amount of $13,220.63, which amount reflected "the hospital visit for the night of the incident, subsequent blood work that was done of the victim, as well as subsequent psychotherapy appointments that the victim attended from the date of the incident up until now." The state indicated that the victim did not have insurance and that nothing was covered by insurance. Defense counsel was not provided with a copy of the invoices until the sentencing hearing. Defense counsel indicated that the court could proceed while he reviewed the documents. When the court inquired if defense counsel agreed with the amount of restitution, defense counsel stated "[i]t appears to add up to

that." When defense counsel mentioned that Medicaid may be subsidizing part of the amount, the state denied this. The court asked if the bills were all to be paid by the victim, and the state confirmed. Upon the state's representations, defense counsel agreed the amount was accurate.

{¶4} Appellant timely filed this appeal. He raises two assignments of error for our review. Under his first assignment of error, appellant claims "the trial court erred in ordering restitution in an amount not established to a reasonable degree of medical certainty."

{¶5} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence "in an amount based on the victim's economic loss." If the court imposes restitution, the court is required to determine the amount of restitution to be made by the offender as follows:

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold a hearing on restitution if the offender, victim, or survivor disputes the amount.

R.C. 2929.18(A)(1).

{¶6} A trial court has discretion to order restitution, but the amount may not be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994

N.E.2d 423, ¶ 3. Further, the amount of restitution ordered must be supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty. *State v. Roberts*, 8th Dist. Cuyahoga No. 99755, 2014-Ohio-115, ¶ 7-8.

{¶7} The record in this case reflects that invoices were submitted to substantiate the medical expenses incurred by the victim as a direct and proximate result of the commission of the offense. Although defense counsel was not provided a copy of the invoices until the time of the hearing, he was able to review them and determine that the amount of restitution sought was accurate. The state represented that there was no insurance coverage. Because there was no dispute as to the amount of restitution, a hearing was not required. We find competent, credible evidence was submitted from which the trial court could have discerned the specific amount of restitution to a reasonable degree of certainty.[1]   Accordingly, we overrule the first assignment of error.

{¶8} Under his second assignment of error, appellant claims he was denied his right to effective assistance of counsel "when trial counsel failed to request a restitution hearing in accordance with R.C. 2929.18(A)(1).

{¶9} In order to substantiate a claim of ineffective assistance of counsel, the appellant must show "(1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a

---

[1] Although the appellant's ability to pay restitution has not been raised, we note that the record reflects he was college educated and working as a mechanical engineer.

reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Perez*, 124 Ohio St.3d 122, 2009-Ohio-6179, 920 N.E.2d 104, ¶ 200, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. The defendant has the burden of proving his counsel rendered ineffective assistance. *Perez* at ¶ 223.

{¶10} As discussed above, the state established the amount of restitution by submitting invoices of the medical expenses incurred by the victim as a result of the offense. These invoices were reviewed by defense counsel, who found the amount appeared to be accurate. Further, the trial court heard from the state that the victim did not have insurance and the bills were not subsidized by Medicaid. There is simply no basis to conclude that defense counsel should have requested a hearing on restitution or that he could have presented evidence to dispute the restitution order. We are unable to find defense counsel's conduct in failing to request a hearing on restitution fell below an objective standard of reasonableness such that appellant was prejudiced. The second assignment of error is overruled.

{¶11} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed. The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having

been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, JUDGE

EILEEN T. GALLAGHER, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR