[Cite as *State v. Kibble*, 2017-Ohio-12.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 103822

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## RODNEY KIBBLE

DEFENDANT-APPELLANT

## JUDGMENT:
### AFFIRMED IN PART; VACATED IN PART; AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-595318-D

**BEFORE:** Celebrezze, J., Kilbane, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:** January 5, 2017

**ATTORNEY FOR APPELLANT**

Joseph V. Pagano
P.O. Box 16869
Rocky River, Ohio 44116


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
BY:    Ryan J. Bokoch
       Yasmine M. Hasan
Assistant Prosecuting Attorneys
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

FRANK D. CELEBREZZE, JR., J.:

{¶1} Appellant, Rodney Kibble, appeals from dozens of convictions that resulted from a crime spree he engaged in with several others. He now claims that his 30-year sentence is contrary to law, the indictment is defective, and the amount of restitution ordered is improper. After a thorough review of the record and law, this court affirms in part, vacates in part, and remands for a nunc pro tunc entry reflecting that Count 65 merged at sentencing with Count 64 and removing the sentence imposed on Count 65.

## I. Factual and Procedural History

{¶2} Appellant left prison in August 2014. On September 29, 2014, he burglarized a home and stole an expensive electronic device.[1] Appellant, along with several others, also conducted a string of robberies that began on March 23, 2015. Appellant's crime spree included 18 armed robberies of various businesses including Verizon Wireless, McDonald's, Subway, Auto Zone, Game Stop, United Dairy Farmers, 7-Eleven, and others.

{¶3} Appellant was apprehended and charged in Cuyahoga C.P. No CR-15-595318-D, along with other individuals, in a 105-count indictment with numerous counts of aggravated robbery, kidnapping, having weapons under disability, possessing criminal tools, and one count of engaging in a pattern of corrupt activity ("RICO"). After several pretrials, appellant agreed to accept a plea deal offered by the state. On

---

[1] The charges stemming from this case, Cuyahoga C.P. No. CR-15-594053-A, are the subject of *State v. Kibble*, 8th Dist. Cuyahoga No. 104173, a companion case to this appeal.

September 16, 2015, he entered guilty pleas to 14 counts of aggravated robbery, 29 counts of kidnapping, 3 counts of having weapons while under disability, 1 count of receiving stolen property, 1 count of improperly handling a firearm in a motor vehicle, 1 count of carrying a concealed weapon, and 1 count of possession of criminal tools. Many counts carried one- and three-year firearm specifications. The trial court accepted appellant's guilty pleas and set the matter for sentencing.

{¶4} On October 15, 2015, after the court addressed the merger of allied offenses, appellant was sentenced to an aggregate prison term of 30 years. The court ordered two, three-year firearm specifications sentences to be served prior to and consecutive to the other sentences imposed. For each count of aggravated robbery and kidnapping, the court imposed an eight-year prison sentence. All of those counts were ordered to be served concurrent with each other and the other sentences imposed, except for three sentences for aggravated robbery that were ordered consecutive. The sentences for the other offenses ranged from 12 months to 3 years, all being served concurrent to each other. The court also ordered appellant to pay restitution to various businesses and individuals.

{¶5} Appellant then filed the instant appeal assigning three errors for review:

I. The trial court erred by imposing consecutive sentences that are contrary to law and not supported by the record.

II. Appellant's convictions on Counts 9, 10, 11, 12, 13, 14, 15, 16, 26, and 27 are void because the indictment did not adequately identify the alleged victims in violation of appellant's constitutional rights to due process, his protections against double jeopardy and his rights to confront his accusers.

III. The trial court erred by ordering appellant to pay restitution amounts to entities and individuals that were unrelated to his convictions.

## II. Law and Analysis

### A. Consecutive Sentences

{¶6} Appellant claims that his sentence is contrary to law and not supported by the record.

{¶7} Appellate sentencing review is guided by R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(A)(4) allows a criminal defendant to appeal a sentence that includes consecutive service. In order to impose consecutive sentences, the trial court, where required, must make findings set forth in R.C. 2929.14(C)(4) and incorporate those findings into the journal entry of sentence. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. R.C. 2929.14(C)(4) requires the court to find that consecutive sentences are (1) necessary to protect the public from future crime or to punish the offender, (2) are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

*Id.*

{¶8} This court will affirm the sentence imposed unless the record clearly and convincingly demonstrates that the trial court's sentence is contrary to law. *Marcum* at paragraph two of the syllabus. A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies postrelease control, and sentences a defendant within the permissible statutory range." *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18, *overruled on other grounds,* in *Marcum.*

{¶9} When setting forth the consecutive sentencing factors, the trial court stated,

I'm [going to] find a course of multiple prison terms are imposed, or if the offender has convictions for multiple offenses, the [c]ourt may require the offender to serve the prison terms consecutively, and in this case that is what I'm doing.

I'm doing that to protect the public from future crime and to punish this offender. Consecutive sentences are not disproportionate to the seriousness of this offender's conduct and to the danger that this offender poses to the public.

In addition, this offender committed one or more multiple offenses while this defendant was under a sanction or was under post-release control for a prior offense.

Additionally, at least two of these multiple offenses were committed

as part of one or more courses of conduct, and that the harm that was caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of this offender's conduct.

Additionally, this defendant also has a history of criminal conduct which demonstrates that consecutive sentences are necessary to both protect the public from future crime by this offender. I'm [going to] note for the record that this defendant committed eighteen separate aggravated robberies over the course of a month; additionally, committed a separate offense of burglary.

All of these offenses were caught on video, and in the burglary case, the defendant's fingerprints were found at the scene of the crime. I have never seen, as the [c]ourt or a judge, eighteen separate first degree felony robberies with brandished firearms.

* * *

Finally, these eighteen aggravated robberies constitute a course of conduct, and pursuant to that, the defendant will serve consecutive sentences as it relates to this offense.

{¶10} The trial court made all the required findings and more. Appellant does not point to anything in the record that clearly and convincingly establishes that the court erred in making these findings. Apparently, appellant feels that one who commits over a dozen armed robberies should be sentenced the same as someone who commits a single one. The Ohio Legislature has a different view. R.C. 2929.14(C)(4) allows a trial court to order consecutive service of sentences for one who engaged in a pattern of conduct such as this. In fact, based on the record of this case and appellant's criminal history, the court made every possible finding under R.C. 2929.14(C)(4). Therefore, appellant's

sentence is not contrary to law in this respect.

{¶11} Appellant claims that the court merely recited the statutory language without any exposition and that is insufficient to justify consecutive sentences. That is not what the court did. The court went through appellant's lengthy criminal history on the record, the court explained that this was the most aggravated robberies committed by a single group it had ever encountered, and noted that firearms were brandished in each of the robberies. The trial court applied the facts of this case to the factors in R.C. 2929.14(C)(4) on the record.

{¶12} Appellant also complains that he only pled guilty to seven distinct robberies, but the trial court indicated that there were 18 robberies. Sentencing is designed to be a holistic endeavor where the court may consider all the surrounding factors in a given case to arrive at an appropriate punishment that protects the public and rehabilitates the offender. Therefore, "a sentencing court may consider a criminal charge and supporting facts that are dismissed under a plea agreement." *State v. Bowser*, 186 Ohio App.3d 162, 2010-Ohio-951, 926 N.E.2d 714, ¶ 16 (2d Dist.). "[W]hen the defendant's convictions result from a plea bargain, the plea bargain 'does not preclude the trial court's consideration of the underlying facts' in determining the appropriate sentence to impose." *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 18, quoting *State v. Frankos*, 8th Dist. Cuyahoga No. 78072, 2001 Ohio App. LEXIS 3712, 7 (Aug. 23, 2001).

{¶13} Here, the court considered all the robberies with which appellant was

charged and that were committed by a coordinated group of individuals when sentencing appellant. Pursuant to the RICO charge that was dismissed as part of the plea agreement, the court recognized that appellant was the leader of this criminal enterprise and punished him accordingly. The court properly considered the surrounding facts and circumstances of this case. Therefore, appellant's sentence is not contrary to law in this respect.

{¶14} Appellant also makes arguments related to findings under R.C. 2929.11 and 2929.12, including the fact that the court did not make any findings as to proportionality under R.C. 2929.12. However, the court is not required to set forth findings regarding these sentencing provisions. *State v. Switzer*, 8th Dist. Cuyahoga No. 102175, 2015-Ohio-2954, ¶ 8. Further, our limited scope of review does not allow for a review of the trial court's analysis under R.C. 2929.11 and 2929.12 to determine whether the court abused its discretion in analyzing those provisions. *Id*. The court clearly considered these factors in crafting appellant's sentence and no specific finding regarding proportionality is required.

{¶15} Appellant further argues that a review of factors under R.C. 2929.12 clearly indicates concurrent sentences should be imposed. The factors in R.C. 2929.12 do not speak to the consecutive nature of sentences. The trial court is guided by R.C. 2929.14(C)(4) in determining whether to impose consecutive sentences, and here the court made those findings on the record and incorporated its consideration of those factors into the sentencing entry.

{¶16} Appellant also points out that his sentence is contrary to law because the

journal entry of sentence includes a sentence on a count for which no sentence was imposed at the hearing because the count merged with a different count.

{¶17} At sentencing, the court found that Count 65, the kidnapping relating to a victim of the Dairy Mart robbery would merge with the aggravated robbery of the Dairy Mart, Count 64. The state elected for the court to impose sentence on the aggravated robbery count. Thereafter, the court did not impose a sentence on Count 65. However, the journal entry of sentence includes a sentence on Count 65. Therefore, the court must correct this error with a nunc pro tunc entry removing the sentence for Count 65 from the journal entry of sentence.

{¶18} Appellant's first assignment of error is overruled, but this court remands the case to the trial court for the issuance of a nunc pro tunc entry.

## B. Defective Indictment

{¶19} Appellant next argues that his rights to due process have been violated by a defective indictment that casts doubt on the protections afforded by the United States Constitution's Double Jeopardy Clause.

{¶20} In order to comply with principles of due process, an indictment must be sufficiently definite to apprise defendants of the criminal conduct with which they are charged and be sufficiently definite to allow defendants to know with acquittal or conviction, what charges may no longer be brought in the future. *Russell v. United States*, 369 U.S. 749, 763-764, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). However, pleading guilty waives many errors, including a defect in the indictment:

"[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea * * *."

*State v. Spates*, 64 Ohio St.3d 269, 271-272, 595 N.E.2d 351 (1992), quoting *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Stated more recently, "'a guilty plea * * * renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.'" *State v. Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn. 2. *See also State v. Fitzpatrick*, 11th Dist. Lake No. 2009-L-030, 2010-Ohio-710, ¶ 27, citing *State v. Banks*, 11th Dist. Lake No. 2008-L-177, 2009-Ohio-6856, ¶ 21 ("[W]hen a defendant enters a guilty plea and thereby admits that he is in fact guilty of the charged offenses, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.").

{¶21} Here, appellant does not allege that any defect in the indictment caused his guilty pleas to be less than voluntary, intelligent, and knowing. Further, he failed to

object to any perceived defect in the indictment at the trial court level. Therefore, he has waived all but plain error. Civ.R. 52(B) provides an avenue for correcting errors that were not brought to the trial court's attention. A reviewing court has discretion to recognize "plain errors or defects affecting substantial rights * * * although they were not brought to the attention of the court." *Id.* Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 372 N.E.2d 804 (1978), paragraph three of the syllabus. Thus, an alleged error "does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." *Id.* at paragraph two of the syllabus.

{¶22} The Second District has recognized that "the failure to include the name of the victim in an indictment is not a basis for dismissing it if the name of the victim is not an essential element of the charged offense." *State v. Phillips*, 75 Ohio App.3d 785, 792, 600 N.E.2d 825 (2d Dist.1991). Further, unless an error in the indictment prejudices the substantial rights of a defendant, the indictment remains valid. *Id.*

{¶23} Here, the name of each victim is not an element of the offense. Further, the indictment is sufficiently definite for appellant to understand the nature of the charged crimes and the victims involved. The indictment, while not including names for each and every victim, did include names or identifying characteristics for each victim that was sufficiently definite for appellant to assert the protections of the Fifth Amendment to prevent any future prosecution for the events for which he has been prosecuted in this

case. Therefore, plain error does not exist in this case, and this assigned error is overruled.

## C. Restitution

{¶24} Finally, appellant argues that the court erred when it ordered restitution to businesses and individuals that were not named victims in the crimes to which he pled guilty.

{¶25} R.C. 2929.18(A)(1) allows a court to impose an order of restitution to crime victims as part of a criminal sentence. Generally, restitution is limited to the actual economic loss suffered by the victim that is the direct and proximate result of the crime for which a defendant was charged and convicted. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 22-24.

{¶26} Appellant did not object to the imposition of restitution below, and therefore has waived all but plain error. *State v. Jackson*, 8th Dist. Cuyahoga No. 99059, 2013-Ohio-3136, ¶ 6.

{¶27} A trial court may order a criminal defendant to pay restitution for economic losses related to the indicted but dismissed charges under certain circumstances.

> A trial court may order a defendant to pay restitution relating to dismissed counts where (1) the defendant entered into a plea agreement in which he or she agreed to plead guilty to some counts contained in the indictment in exchange for the dismissal of other counts in the indictment, and (2) the

defendant agreed, as part of the consideration for the plea agreement, to provide restitution to the victims for damages caused by his or her conduct for which criminal charges were dropped under the plea agreement.

*State v. Wickline*, 3d Dist. Logan No. 8-10-20, 2011-Ohio-3004, ¶ 14, citing *State v. Strickland*, 10th Dist. Franklin No. 08AP-164, 2008-Ohio-5968, ¶ 12.

**{¶28}** Therefore, if appellant acknowledged that he would be required to pay restitution to victims included in the indicted but dismissed charges, the trial court was within its authority to order the full amount of restitution in this case.

**{¶29}** The only agreement as to restitution that appears in the record involved Cuyahoga C.P. No. CR-15-594053-A. Appellant agreed to pay restitution to the victim in the amount of $1,800. In Cuyahoga C.P. No. CR-15-595318-D, appellant did not agree to any amount of restitution and restitution was not discussed at the plea hearing regarding this case. Therefore, restitution is only appropriate to the victims of the crimes to which appellant pled guilty.

**{¶30}** At sentencing, the trial court ordered restitution to the following victims: Verizon Wireless, $10,180; McDonald's, $900; Game Stop, $1,100; Auto Zone, $200; Little Caesar's, $75; Pizza Express, $1,600; Dairy Mart, $2,714; 7-Eleven, $1,700; Value Star, $4,960; Sun Valley, $1,000; and United Dairy Farmers, $100. Appellant did not plead guilty to any crime where Value Star, Little Caesar's, and Pizza Express were the victims. The RICO count could have been used to impute financial responsibility for these victims, but the dismissal of the RICO count removes him from financial liability

for these counts in the absence of an agreement. Therefore, the trial court's restitution order relating to Value Star, Little Caesar's, and Pizza Express must be vacated. The remaining restitution orders are valid as appellant was charged and convicted of counts related to each of the remaining victims.

{¶31} Appellant argues that there is nothing in the record to support the amount of restitution to Dairy Mart, 7-Eleven, and United Dairy Farmers. However, appellant did not object to the amounts of restitution imposed. He therefore waived a hearing on the matter. "A trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered." *Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, at ¶ 27. This court does not find any plain error on this point.

{¶32} Appellant's third assignment of error is sustained in part.

### III. Conclusion

{¶33} The trial court made the necessary findings in order to impose consecutive sentences. Therefore, appellant's sentence is not contrary to law. However, the journal entry of sentence improperly includes a sentence that was not imposed in open court. Therefore, the trial court must correct the journal entry to reflect that the trial court merged Count 65 with Count 64 at the sentencing hearing, and a sentence was not imposed on Count 65. The indictment is not constitutionally defective in this case because it was sufficiently definite to prohibit future charges that would violate principles of Double Jeopardy. The trial court's order of restitution in this case is imperfect

because it includes restitution to victims that were not a part of appellant's convictions and no agreement appears in the record as to restitution to these victims. Therefore, this court must vacate the restitution orders to Value Star, Little Caesar's, and Pizza Express.

{¶34} Judgment affirmed in part, vacated in part, and remanded to the lower court for correction of the journal entry.

It is ordered that appellant and appellee share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., JUDGE

MARY EILEEN KILBANE, P.J., and
MELODY J. STEWART, J., CONCUR