[Cite as *State v. Hoskins*, 2025-Ohio-1946.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2024-CA-27 |
| | : | |
| v. | : | Trial Court Case No. 2024 CR 099 |
| | : | |
| ERIC ALLAN HOSKINS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | **FINAL JUDGMENT ENTRY &** |
| | | **OPINION** |

. . . . . . . . . . .

Pursuant to the opinion of this court rendered on May 30, 2025, the judgment of the trial court is affirmed.

Costs to be paid as stated in App.R. 24.

Pursuant to Ohio App.R. 30(A), the clerk of the court of appeals shall immediately serve notice of this judgment upon all parties and make a note in the docket of the service. Additionally, pursuant to App.R. 27, the clerk of the court of appeals shall send a certified copy of this judgment, which constitutes a mandate, to the clerk of the trial court and note the service on the appellate docket.

[[Applied Signature]]
MICHAEL L. TUCKER, JUDGE

[[Applied Signature 2]]
RONALD C. LEWIS, JUDGE

[[Applied Signature 3]]

MARY K. HUFFMAN, JUDGE

**OPINION**

CHAMPAIGN C.A. No. 2024-CA-27

ALANA VAN GUNDY, Attorney for Appellant
KARA N. RICHTER, Attorney for Appellee

HUFFMAN, J.

{¶ 1} Eric Allan Hoskins appeals from his convictions, following his guilty pleas, to three counts of receiving stolen property. For the following reasons, the judgment of the trial court will be affirmed.

**Procedural History**

{¶ 2} On August 5, 2024, Hoskins was indicted on seven counts of receiving stolen property and two counts of theft, all felonies, and one count of misdemeanor theft. The offenses were based on allegations that he had stolen credit cards from parked vehicles and then made purchases with them. On September 23, 2024, Hoskins pled guilty to three counts of receiving stolen property. The State agreed to dismiss the remaining counts. The trial court sentenced Hoskins to 12 months on each count, to be served consecutively.

**Assignment of Error and Analysis**

{¶ 3} In his sole assignment of error, Hoskins challenges his sentence, arguing that the court considered inappropriate factors beyond those set forth in the sentencing statutes and made prejudicial comments regarding his offenses. Specifically, Hoskins points to the

following statements by the court: "it is one thing to steal from a Walmart. It is another thing to steal from people," and "that is as serious of a sentencing factor, from this Court's perspective, as it is what you stole. When you steal our way of life, it may not be as significant in a community that you have grown up in, but it is significant in our community." According to Hoskins, the court inferred that he came from a community that did not value safety and that stealing was "a way of life" for Hoskins.

{¶ 4} Hoskins further argues that the court improperly compared his case to another criminal matter in which the court found that the defendant, who had a significant criminal history, had never been properly held accountable for his past crimes. Hoskins asserts that the court's consideration should have been limited to his case alone, especially his remorse and completion of "programming" for mental health issues and impulse control. He argues that the court's improper considerations resulted in a harsher sentence. Finally, Hoskins claims that the court erred in advising him that, in Champaign County, "we just say, you've had opportunities and enough is enough." Hoskins seeks resentencing.

{¶ 5} "When reviewing felony sentences, a court of appeals must apply the standard of review set forth in R.C. 2953.08(G)." *State v. Williams,* 2022-Ohio-2897, ¶ 18 (2d Dist.), citing *State v. Farra*, 2022-Ohio-1421, ¶ 73 (2d Dist.). Pursuant to that statute, an appellate court may increase, reduce or modify a sentence, or vacate it altogether and remand for resentencing, "only if it 'clearly and convincingly' finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law." *State v. Worthen*, 2021-Ohio-2788, ¶ 13 (2d Dist.), citing *State v. Huffman*, 2017-Ohio-4097, ¶ 6 (2d Dist.).

{¶ 6} Generally, there is a presumption in favor of community control sanctions for fifth-degree felonies. R.C. 2929.13(B)(1)(a). A trial court has discretion, however, to

impose a prison term upon an offender who pleads guilty to a felony of the fifth degree that is not an offense of violence or that is a qualifying assault offense if the "offender committed the offense while under a community control sanction, while on probation, or while released on bond or personal recognizance." R.C. 2929.13(B)(1)(b)(x). When imposing such a prison term, "the sentencing court shall comply with the purposes and principles of sentencing" pursuant to R.C. 2929.11 and R.C. 2929.12. R.C. 2929.13(B)(2).

{¶ 7} R.C. 2929.11 governs the overriding purposes of felony sentencing. R.C. 2929.12(B) through (F) set out factors for the court to consider relating to matters such as the seriousness of the offender's conduct and the likelihood of recidivism. Significantly, the trial court may also "consider any other factors that are relevant to achieving" the purposes and principles of sentencing. R.C. 2929.12(A). "Sentencing is designed to be a holistic endeavor where the court may consider all the surrounding factors in a given case to arrive at an appropriate punishment that protects the public and rehabilitates the offender." *State v. Kibble*, 2017-Ohio-12, ¶ 12 (8th Dist.).

{¶ 8} We may not "independently weigh the evidence in the record and substitute [our] judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *State v. Jones*, 2020-Ohio-6729, ¶ 42. "The inquiry is simply whether the sentence is contrary to law." *State v. Bartley*, 2023-Ohio-2325, ¶ 9 (2d Dist.). "A sentence is contrary to law when it falls outside the statutory range for the offense or if the sentencing court does not consider R.C. 2929.11 and 2929.12." *Id.*, citing *State v. Dorsey,* 2021-Ohio-76, ¶ 18 (2d Dist.).

{¶ 9} R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the

seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

. . .

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4)(a),(c). "The plain language of R.C. 2953.08(G)(2) requires an appellate court to defer to the trial court's consecutive-sentence findings, and the trial court's findings must be upheld unless those findings are clearly and convincingly not supported by the record." *State v. Gwynne*, 2023-Ohio-3851, ¶ 5.

{¶ 10} At sentencing, the trial court indicated that it had considered R.C. 2929.11 and R.C. 2929.12, as well as the presentence investigation report (PSI), and its thorough consideration of these was reflected in the judgment entry of conviction. Specifically, the court considered that Hoskins was on bond or personal recognizance in multiple matters in Hamilton County Municipal Court for theft, misuse of credit cards, and receiving stolen property when he committed these offenses, and therefore the presumption in favor of community control sanctions did not apply to Hoskins.

{¶ 11} Citing R.C. 2929.12, the trial court further observed that Hoskins had committed his offenses by "preying on unsuspecting citizens enjoying recreational activities" by breaking into their vehicles, and the court considered the psychological impact on the

victims. A victim impact statement included in the PSI described a female victim's fear and anxiety upon learning that her wallet, containing not only her credit cards but all of her identifying information, had been stolen from her car. The PSI also stated that Hoskins had an exaggerated sense of self and believed that he was never at fault. It was significant to the PSI investigator that Hoskins had committed crimes around the country, had outstanding criminal matters, and yet he continued to commit offenses. Hoskins reported that he had never maintained employment for more than six months at a time.

{¶ 12} The court further considered that Hoskins victimized not only private citizens but also the retail industry. The judgment entry reflected that, when Hoskins committed the felonies at issue in this case, he was on intervention in lieu of conviction and under the supervision of the probation department for five counts of receiving stolen property and theft in Montgomery County; on misdemeanor probation for resisting arrest and access device fraud in Pennsylvania; had absconded on bond in Hamilton County in four separate felony and misdemeanor cases for theft, receiving stolen property, and misuse of credit cards; had prior theft-related convictions in Texas for fraudulent use and two counts of burglary of a vehicle; and had outstanding felony theft-related charges in Georgia for five counts of financial transaction card theft and three counts of entering a vehicle with intent to commit theft. The court described the "ongoing, pervasive, indiscriminate and opportunistic nature of selecting his victims and committing the same type of theft against private citizens and retail businesses in four separate states across the United States," and it found that Hoskins lacked genuine remorse.

{¶ 13} While the court was not required to make such findings, the record reflects that the court considered factors relevant to achieving the purposes and principles of sentencing, namely to protect the public from future crime by Hoskins, to punish Hoskins, and to promote

his effective rehabilitation. R.C. 2929.12(A). It was significant to the court that Hoskins stole from unsuspecting citizens enjoying leisure activities within their community, and then used their credit cards to further victimize retail establishments in the area. Taken as a whole, the court considered all relevant factors in imposing sentence. Any other comments by the court as to Hoskins's own community did not demonstrate the consideration of improper sentencing factors. The court merely explained its rationale, and we will not substitute our judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12.

{¶ 14} Hoskins's 12-month sentences were not contrary to law. R.C. 2929.14(A)(5). The court also made the requisite findings pursuant to R.C. 2929.14(C)(4), and we cannot conclude that the court's findings were clearly and convincingly not supported by the record. As such, Hoskins is not entitled to resentencing, and his assignment of error is overruled. The judgment of the trial court will be affirmed.

. . . . . . . . . . . .

TUCKER, J. and LEWIS, J., concur.