THE STATE OF OHIO, APPELLEE, *v.* LALAIN, APPELLANT.

[Cite as *State v. Lalain,* 136 Ohio St.3d 248, 2013-Ohio-3093.]

*Criminal law—R.C. 2929.18—Restitution—Trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense—Trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered.*

(Nos. 2012-0302 and 2012-0408—Submitted March 13, 2013—Decided July 17, 2013.)

CERTIFIED by and APPEAL from the Court of Appeals for Cuyahoga County, No. 95857, 2011-Ohio-4813.

_____

SYLLABUS OF THE COURT

1. A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense.

2. A trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered.

_____

**O'DONNELL, J.**

{¶ 1}   Daniel Lalain appeals from a judgment of the Eighth District Court of Appeals affirming his conviction of a fifth-degree-felony theft offense, which included an order to pay $63,121 in restitution for costs Aero-Instruments incurred to investigate the theft and appraise the value of the stolen property. The appellate court also certified that its decision conflicts with *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425 (2d Dist.), on the following question:

> Whether, despite the defendant's failure to object, it is error for the trial court to order a defendant to pay an amount of restitution in the absence of a specific plea agreement and without a hearing or evidence substantiating the economic loss claimed by the plaintiff?

131 Ohio St.3d 1551, 2012-Ohio-2263, 967 N.E.2d 763.

{¶ 2}   We determined that a conflict existed, *id.*, accepted Lalain's discretionary appeal, 132 Ohio St.3d 1486, 2012-Ohio-3334, 971 N.E.2d 962, and consolidated the matters for review.

{¶ 3}   R.C. 2929.18(A)(1) gives a sentencing court discretion to order restitution but not in an amount greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. The court may base the amount of restitution on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information. Further, the statute mandates that the court must conduct a hearing if the offender, victim, or survivor disputes the amount.

{¶ 4}   In this case, the victim submitted a letter seeking to recover the cost of an expert report on the value of its loss and the time spent by employees

trying to identify and value the items taken—all of which were returned. It sought $63,121 as restitution for expenses not incurred as the direct and proximate result of the commission of the offense. Further, at sentencing, although Lalain's counsel disputed the amount of restitution, the court failed to hold a hearing.

{¶ 5} Accordingly, we reverse the judgment of the court of appeals and remand the case for further proceedings consistent with this opinion.

### Facts and Procedural History

{¶ 6} Daniel Lalain worked as an engineer for Aero-Instruments, a Cleveland company that designs aviation and aerospace components such as air-speed and altitude sensors. In June 2008, Lalain resigned without notice, taking electronic files copied from his work computer as well as duplicates of documents from his office files. In addition, he retained two probes that he had previously taken home for testing.

{¶ 7} On July 2, 2008, Aero-Instruments commenced a civil action against Lalain seeking recovery for misappropriation of trade secrets and proprietary product information, and it obtained a temporary restraining order to prevent him from sharing any information with competitors. After Lalain resigned, the company contacted law enforcement, claiming that he had stolen intellectual property, and as a result, officers executed a search warrant at Lalain's home and recovered the property he had taken from Aero-Instruments.

{¶ 8} Aero-Instruments began an internal investigation to determine what had been removed from its facility, and it retained the forensic accounting department of Meaden and Moore to appraise the value of the intellectual property that Lalain had misappropriated. However, it dismissed its civil suit in January 2009 after it determined that all of its property had been recovered and that Lalain had not disclosed any proprietary information.

**{¶ 9}** On June 4, 2009, the Cuyahoga County Grand Jury indicted Lalain for first-degree-felony theft, alleging that he had stolen intellectual property, test data, computer equipment, computer memory devices, proprietary documents, and product prototypes—property allegedly valued at $1 million or more.

**{¶ 10}** On August 16, 2010, Lalain pleaded guilty to an amended indictment for fifth-degree-felony theft of property valued at $500 or more but less than $5,000. Lalain acknowledged the potential criminal penalties that the court could impose at sentencing, including restitution to Aero-Instruments. However, the parties did not discuss the amount of restitution at the plea hearing, nor did they include restitution as an express term of the plea agreement.

**{¶ 11}** At sentencing on September 24, 2010, the trial court referenced a letter from Ryan Mifsud of Aero-Instruments describing economic losses the company had suffered from the theft of its property. That letter, which the court incorporated into the record, states:

> We have been asked to provide information regarding *the financial impact on the company* regarding the theft of property and the subsequent process that was undertaken to identify and value the property that was recovered by Cleveland Police in July, 2008. We have calculated the cost to Aero-Instruments *for the time spent by its employees in support of this case* to be $55,456.00. This estimate does not include any costs for materials and supplies associated with the sorting, filing and copying of the more than 9,000 pages of documents and over 100 items recovered by the Cleveland Police from Mr. Lalain's possession.
>
> In order to provide the County Prosecutor's Office with an accurate valuation of the property that was recovered, Aero-Instruments contracted with Meaden and Moore and their Forensic

> Accounting department *to determine a valuation of the property that was taken* from the company. The cost associated with this activity was $7,665.00. Aero-Instruments is looking for restitution in the form of repayment by Mr. Lalain for these costs.

(Emphasis added.)

{¶ 12} Defense counsel asserted that at least some of these costs had been incurred "in furtherance of a civil lawsuit," and he stated, "I think that that is where that Meaden & Moore record was generated for that purpose, not for the criminal prosecution. I don't think Daniel should be held responsible for any of that cost."

{¶ 13} In response, the prosecutor argued:

> I also take exception with the point raised about the Meaden & Moore accounting. That accounting was taken on by Aero at the expressed advice of my supervisor, Paul Soucie, after several meetings, so that they could discuss how this case could actually be appreciated and valuated and evaluated. * * *
>
>     * * *
>
> But that Meaden & Moore work cost a lot of money in order to establish this case. Aero undertook a number of expenses which the county could never have afforded to pay for *in order to investigate this case*.

(Emphasis added.)

{¶ 14} The trial court sentenced Lalain to a four-year term of community control and ordered him to pay restitution to Aero-Instruments in the amount of

$63,121—$55,456 for the company investigation and $7,665 for the Meaden & Moore accounting.

**{¶ 15}** Lalain appealed to the Eighth District Court of Appeals, assigning error based on the order of restitution. The Eighth District affirmed, holding that R.C. 2929.18(A)(1) did not require an evidentiary hearing to determine the amount of restitution, because Lalain had not objected to restitution or disputed the amount Aero-Instruments requested in its letter. The appellate court further explained that the costs incurred by Aero-Instruments were the direct and proximate result of the theft, because Aero-Instruments "had to complete an accounting to determine value because of the unique nature of the intellectual property involved." 2011-Ohio-4813, ¶ 17. The court of appeals concluded that restitution is not limited to the property value that corresponds to the degree of the theft offense and the trial court therefore had not committed plain error in imposing restitution in an amount greater than $4,999.99.

**{¶ 16}** The court of appeals certified that its decision conflicted with *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425 (2d Dist.), which holds that a restitution order must be supported by competent, credible evidence and may not exceed the property value that corresponds to the degree of the theft conviction. We determined that a conflict exists and also accepted Lalain's discretionary appeal.

**{¶ 17}** Lalain contends that unless there is a specific agreement to the contrary, a restitution order cannot exceed the maximum property value that corresponds to the degree of the theft conviction and the trial court here therefore lacked authority to order restitution in an amount exceeding $4,999.99 on a conviction for fifth-degree-felony theft. He maintains that the trial court allowed Aero-Instruments to recover expenditures that were not the direct and proximate result of his crime, but rather the company had incurred those costs to investigate the theft, to value the property, and to prepare for litigation. And because the

letter and the prosecutor put the trial court on notice that Aero-Instruments sought restitution for costs that did not directly and proximately result from the crime, Lalain contends that the court had a duty to conduct a hearing to determine the amount of restitution, even in the absence of an express objection. Lalain does assert, however, that defense counsel specifically disputed the amount of restitution sought by Aero-Instruments, thus obliging the trial court to conduct an evidentiary hearing to establish a basis for restitution.

{¶ 18} The state argues that the amount of restitution is determined by the amount of the victim's loss, not the degree of the felony or the value of property stolen. Thus, according to the state, the trial court has discretion to order restitution in any amount consistent with the victim's actual economic loss, even if that amount exceeds the property value used to determine the degree of the theft conviction. It also asserts that the trial court may order restitution without a hearing and based solely on the estimate provided by the victim when the plea agreement does not specify an amount of restitution and the accused fails to object. The state therefore maintains that the trial court properly ordered restitution for Aero-Instruments' costs of investigating the theft, appraising what Lalain had taken, and determining whether he had compromised the confidentiality of its intellectual property, because these expenditures constituted actual economic loss sustained by the company as a consequence of the crime.

{¶ 19} Accordingly, two issues are presented: whether restitution for a theft offense is limited to the property value corresponding to the degree of the theft conviction and whether the court may order restitution without conducting a hearing to determine the economic loss sustained as a direct and proximate result of the commission of the offense if the offender disputes the amount of restitution.

**Law and Analysis**

{¶ 20} R.C. 2929.18(A)(1) authorizes a trial court to impose restitution as part of a sentence in order to compensate the victim for economic loss. The statute also provides procedures for determining the amount of restitution ordered:

> If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution *shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense*. If the court decides to impose restitution, the court shall hold a hearing on restitution *if the offender, victim, or survivor disputes the amount*.

(Emphasis added.)

{¶ 21} R.C. 2929.01(L) defines "economic loss" to mean

> any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to *lost time at work because of any injury caused to the victim*, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

(Emphasis added.)

8

{¶ 22} R.C. 2929.18(A)(1) therefore limits the amount of restitution to the amount of the economic detriment suffered by the victim as a direct and proximate result of the commission of the offense. And although the statute allows the court to base the amount of restitution on an amount recommended by the victim or the offender, a presentence-investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, it does not provide restitution for the costs of preparing such a report. It also mandates that the court must hold a hearing on restitution if the offender, victim, or survivor of the victim disputes the amount.

{¶ 23} The certified question merges the above statutory requirements with the concept of the plea agreement and needlessly confuses the matter. The statute contains no statement about incorporating restitution into plea agreements, so that is not a statutory mandate. Rather, the statute vests the trial court with discretion to impose restitution and to base it on listed statutory factors and other information, but restitution may not exceed the amount of economic loss suffered as a direct and proximate result of the commission of the offense. A hearing is mandated only if the offender, victim, or survivor disputes the amount.

{¶ 24} In addition, we recognize that the amount of restitution is not correlated to the degree of the theft offense. For example, R.C. 2913.02(B)(5) states, "If the property stolen is a motor vehicle, a violation of this section is grand theft of a motor vehicle, a felony of the fourth degree," regardless of the value of the motor vehicle. A trial court choosing to order restitution in a case of grand theft of a motor vehicle is not restricted to the value corresponding to a fourth-degree felony and may instead award restitution pursuant to R.C. 2929.18(A)(1).

{¶ 25} In this case, Aero-Instruments sought restitution of $55,456 "for the time spent by its employees in support of this case" and an additional $7,665 for the report "to provide the County Prosecutor's Office with an accurate

valuation of the property that was recovered." Thus, these expenditures are not the direct and proximate result of the commission of the theft offense; rather, they are consequential costs incurred subsequent to the theft to value the property that had been taken from and later returned to Aero-Instruments. Further, as the state conceded at oral argument, defense counsel did dispute the amount of restitution claimed by Aero-Instruments. At a minimum, the trial court should have conducted a hearing at that point. Thus, the trial court lacked authority to order $63,121 in restitution in these circumstances.

{¶ 26} Because the factual premise of the certified question is not supported by the record, we dismiss the conflict case as having been improvidently certified.

## Conclusion

{¶ 27} A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence-investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense. A trial court is required to conduct a hearing on restitution only if the offender, victim, or survivor disputes the amount of restitution ordered.

{¶ 28} The judgment of the court of appeals is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Judgment reversed
and cause remanded.

PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and LANZINGER, J., concur in part and dissent in part.

_____

**LANZINGER, J., concurring in part and dissenting in part.**

{¶ 29} I agree that this case should be remanded for a hearing on restitution, but because I respectfully dissent from the decision to avoid the certified question, I write separately and would hold that the plea agreement here imposed a limit on restitution.

{¶ 30} The trial court has discretion to order a defendant to pay restitution to a victim as a financial sanction pursuant to R.C. 2929.18(A)(1), but the statute expressly includes the caveat, "provided that the amount the court orders as restitution shall not exceed the amount of economic loss suffered by the victim as a direct and proximate result *of the commission of the offense.*" (Emphasis added.) Because the degree of a theft offense is defined by the element of the amount of loss to the victim (in this case, for a fifth-degree felony, $500 or more but less than $5,000), restitution should be ordered within this range.

{¶ 31} In accepting a felony plea, a trial court is required to inform the defendant of the *maximum penalty* involved and the consequences of the plea, among other rights. *See* Crim.R. 11(C)(2).

{¶ 32} We have recognized that restitution is part of the sentence imposed on a defendant. *State v. Danison*, 105 Ohio St.3d 127, 2005-Ohio-781, 823 N.E.2d 444, syllabus. Thus, the amount of restitution ordered pursuant to R.C. 2929.18 affects the maximum penalty as well as the effect of the plea.

{¶ 33} Crim.R. 11(C)(2)(a) states that for a plea to be voluntary, a defendant must understand the maximum penalty, which potentially includes restitution. Lalain was charged originally with a felony of the first degree, which could have exposed him to unlimited restitution. But Lalain should have been able to rely on the degree of theft to which he pled guilty—a fifth-degree-felony theft offense of stealing property valued between $500 and $5,000. This limitation on value is an element of the offense and restitution should be no greater than $4,999.99. However, Lalain could have been ordered to pay a greater

amount of restitution as a specific part of a negotiated plea or as a stipulation. Crim.R. 11(F) states:

> When, in felony cases, a negotiated plea of guilty or no contest to one or more offenses charged or to one or more other or lesser offenses is offered, the underlying agreement upon which the plea is based shall be stated on the record in open court.

.

{¶ 34} Thus, nothing prevents the state from requiring "full restitution" in a greater amount than the theft offense to which a plea has been taken. The defendant must know what the maximum consequences are when giving up rights and entering a guilty plea.

{¶ 35} I would adopt the reasoning of the Second District Court of Appeals in *State v. Ratliff*, 194 Ohio App.3d 202, 2011-Ohio-2313, 955 N.E.2d 425 (2d Dist.), and hold that restitution is limited to the amount referred to in the theft offense to which the defendant enters a plea unless the defendant agrees to a higher amount as part of the plea agreement.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Kristen L. Sobieski, Assistant Prosecuting Attorney, for appellee.

John P. Hildebrand Co., L.P.A., and John P. Hildebrand Sr., for appellant.

_____