[Cite as *State v. Serres*, 2014-Ohio-5281.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
FULTON COUNTY

State of Ohio                                    Court of Appeals No. F-14-002

    Appellee                                 Trial Court No. 13CR100

v.

Michael A. Serres                               **DECISION AND JUDGMENT**

    Appellant                                Decided:  November 26, 2014

* * * * *

Scott A. Haselman, Fulton County Prosecuting Attorney, for appellee.

Charles M. Saunders, for appellant.

* * * * *

**JENSEN, J.**

### Introduction

{¶ 1} This case involves the defendant-appellant's appeal of a January 28, 2014

judgment that ordered him to pay $37,300 in restitution to the victim.  For the following

reasons, we reverse and remand the matter to the lower court for further proceedings consistent with this opinion.

## Facts and Procedural History

{¶ 2} On September 16, 2013, a grand jury sitting in Fulton County, Ohio, indicted appellant, Michael A. Serres, on four felony offenses: burglary, in violation of R.C. 2911.12(A)(3), a felony in the third degree (count I); safecracking, in violation of R.C. 2911.31(A), a felony in the fourth degree (count II); theft from an elderly person or disabled adult, in violation of R.C. 2913.02(A)(1), a felony in the third degree (count III); and grand theft, in violation of R.C. 2913.02(A)(1), a felony in the third degree (count IV).

{¶ 3} Appellant and the state of Ohio reached a plea agreement whereby appellant agreed to plead guilty to counts I and III. In exchange, the state agreed not to prosecute counts II and IV.

{¶ 4} At a January 27, 2014 hearing, the trial court accepted appellant's plea, found him guilty and, following a recitation of his due process rights, sentenced appellant to 24 months in prison as to counts I and III, to be served concurrently. The trial court also ordered appellant to make restitution to the victim in the amount of $37,300. Appellant's trial counsel objected to the restitution amount, which the trial court overruled. The trial court issued a sentencing order, journalized on January 28, 2014, reflecting appellant's plea, sentence and order of restitution.

2.

**{¶ 5}** On February 25, 2014, appellant's trial counsel filed a notice of appeal. Appellant asserts one assignment of error for our review.

> The trial court abused its discretion and committed reversible error in violation of R.C. 2929.18(A)(1) when it refused to hold a hearing anent [sic] the restitution owed to the victim by the defendant when the defense disputed said amount.

## Law and Analysis

**{¶ 6}** In his sole assignment of error, appellant argues that the trial court erred in failing to hold a hearing on the issue of restitution. The state concurs and urges this court to remand this matter to the lower court for the limited purpose of holding a hearing pursuant to R.C. 2929.18(A)(1).

**{¶ 7}** R.C. 2929.18(A)(1) provides in part, "[i]f the court decides to impose restitution, the court shall hold a hearing on restitution if the offender * * * disputes the amount." *See also State v. Lalain,* 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 22. ("A hearing is mandated only if the offender, victim, or survivor disputes the [restitution] amount.").

**{¶ 8}** In this case, the transcript from the January 27, 2014 sentencing hearing demonstrates that appellant, through his counsel, objected to the restitution amount:

> THE COURT: That is-I'm going to give you an order and I don't know whether you're ever going to be able to get it covered, but, there's going to be an order for the * * * [$300.00] property damage, [$30.000]

3.

property loss. [$6,000] money taken. And [$1000] for the insurance deductible. That's [$37,300.00].

[APPELLANT'S TRIAL COUNSEL]: Your Honor, we would object to that restitution amount in this particular case. For one thing, we were just provided with all of the outstanding restitution issues just before this hearing. So there is no way for us to verify whether it's accurate. And that -

THE COURT: Your objection is in the record. And that may be of some substance down the road. Anything else at this time?

[PROSECUTOR] KENNEDY: No Your Honor.

THE COURT: That will be all.

[APPELLANT'S TRIAL COUNSEL]: Thank you.

[Hearing adjourned.]

{¶ 9} Because appellant's counsel specifically disputed the amount of restitution, the trial court was required to hold a hearing on that issue, as a matter of law. The court's failure to do so constitutes reversible error. Therefore, we find appellant's sole assignment of error is well-taken.

{¶ 10} The judgment of the Fulton County Common Pleas Court is reversed only insofar as the lower court failed to hold a hearing on the amount of restitution to be paid by appellant. *State v. Perna,* 6th Dist. Wood No. WD-11-043, 2012-Ohio-5557, ¶ 43.

4.

Upon remand, the trial court shall conduct an evidentiary hearing in compliance with the requirements of R.C. 2929.18(A)(1). The trial court's judgment is affirmed in all other respects.

{¶ 11} Appellee is ordered to pay the court costs of this appeal pursuant to App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.

Arlene Singer, J.                              _____

JUDGE

Stephen A. Yarbrough, P.J.    

_____

James D. Jensen, J.                 JUDGE
CONCUR.

_____

JUDGE