[Cite as *State v. Cook*, 2017-Ohio-1503.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| CYNTHIA RAE COOK | : | Case No. 16-CA-28 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                 Pleas, Case No. 15-CR-209


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT:                April 21, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

ANDREA K. GREEN                           SCOTT P. WOOD
239 West Main Street                      120 ½ East Main Street
Lancaster, OH  43130                      Lancaster, OH  43130

*Wise, Earle, J.*

{¶ 1}  Defendant-Appellant, Cynthia Rae Cook, appeals the July 21, 2016 judgment entry of the Court of Common Pleas of Fairfield County, Ohio, ordering restitution in the amount of $6,304.00 to the victim.   Plaintiff-Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}  On June 5, 2015, the Fairfield County Grand Jury indicted appellant on one count of theft in violation of R.C. 2913.02.   Said charge arose from monies stolen while appellant was an employee of OB/GYN Associates of Lancaster, Inc.

{¶ 3}  A bench trial commenced on June 22, 2016.  By entry filed June 24, 2016, the trial court found appellant guilty as charged, and found the amount of the theft to be $3,804.00.

{¶ 4}  A sentencing hearing was held on July 13, 2016.  During the hearing, the office manager for OB/GYN Associates testified to the amount of overtime paid ($2,500.00) to employees to investigate the amount of the loss.  By judgment entry filed July 21, 2016, the trial court sentenced appellant to two years of community control, and ordered her to pay restitution in the amount of $3,804.00 for the loss associated with the theft offense and an additional 2,500.00 for the expenses incurred for the investigation.

{¶ 5}  Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶ 6}  "THE TRIAL COURT ERRED IN DETERMINING THE AMOUNT OF RESTITUTION."

I

{¶ 7}   In her sole assignment of error, appellant claims the trial court erred in ordering restitution in the amount of $6,304.00.   Specifically, appellant claims the trial court erred in including the costs associated with investigating the theft and determining the amount of the loss ($2,500.00).  We agree.

{¶ 8}   We review restitution orders under an abuse of discretion standard.  *State v. Andrews,* 5th Dist. Delaware No. 15 CAA 12 0099, 2016-Ohio-7389, ¶ 40, citing *State v. Williams,* 34 Ohio App.3d 33, 516 N.E.2d 1270 (2nd Dist.1986).  In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.  *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 9}   R.C. 2929.18 governs financial sanctions.   Subsection (A)(1) states the following in pertinent part:

(A) * * * Financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

(1) Restitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall

not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

{¶ 10} "Economic loss" is defined in R.C. 2929.01(L) and means:

any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes any loss of income due to lost time at work because of any injury caused to the victim, and any property loss, medical cost, or funeral expense incurred as a result of the commission of the offense. "Economic loss" does not include non-economic loss or any punitive or exemplary damages.

{¶ 11} In fashioning the restitution award, the trial court stated the following (T. at 27-28):

Here's what the Court's finding with regard to restitution.

The Court found during the trial that the State was able to prove $3,804 was taken. So I'm ordering that you pay that.

Also, I'm ordering that you pay $2,500 for overtime to the staff. Yes, there's an argument that that was a fee that was derived as a result of preparation for trial. But also, the company wanted to know how much money it was out, and I think they had a right to bring in accountants or do an internal audit, or what have you, to find out the full extent of the theft

that did occur over a period of time. And so the Court does not believe this to be an unreasonable amount and will also award this as part of restitution.

The total amount is $6,304.

{¶ 12} Appellant argues the trial court erred by including the $2,500.00 in the restitution order.

{¶ 13} In support of her argument, appellant cites the case of *State v. Lalain,* 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, wherein an employee stole electronic files, documents, and equipment from his employer. "In this case the victim submitted a letter seeking to recover the cost of an expert report on the value of its loss and the time spent by employees trying to identify and value the items taken—all of which were returned. It sought $63,121 as restitution for expenses not incurred as the direct and proximate result of the commission of the offense." *Lalain* at ¶ 4.

{¶ 14} The *Lalian* court cited R.C. 2929.18(A)(1), and explained the following at ¶ 22:

R.C. 2929.18(A)(1) therefore limits the amount of restitution to the amount of the economic detriment suffered by the victim as a direct and proximate result of the commission of the offense. And although the statute allows the court to base the amount of restitution on an amount recommended by the victim or the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing

property, and other information, it does not provide restitution for the costs of preparing such a report. * * *

{¶ 15} The *Lalain* court concluded the following at ¶ 25:

In this case, Aero–Instruments sought restitution of $55,456 "for the time spent by its employees in support of this case" and an additional $7,665 for the report "to provide the County Prosecutor's Office with an accurate valuation of the property that was recovered." Thus, these expenditures are not the direct and proximate result of the commission of the theft offense; rather, they are consequential costs incurred subsequent to the theft to value the property that had been taken from and later returned to Aero–Instruments. * * * Thus, the trial court lacked authority to order $63,121 in restitution in these circumstances.

{¶ 16} Appellee argues the trial court did not abuse its discretion in ordering additional restitution of $2,500.00 because OB/GYN Associates "took steps to determine which patient accounts were affected not only to assist in the investigation, but also to determine how much money needed to be reimbursed to patients." Appellee's Brief at 6.

{¶ 17} During the sentencing hearing held on July 13, 2016, the office manager for OB/GYN Associates, Deborah Leith, testified to the employer's economic loss. Ms. Leith stated appellant stole $4,140.00, and the office paid "two staff members overtime

the month following the theft, and that came to $2,500." T. at 9. The amount of overtime equaled "two staff members a minimum of four hours a day" "for three weeks to pull evidence." T. at 10. On cross-examination, the following exchange occurred (T. at 17-18):

Q. * * * Now, with regard to the overtime for accounting, would you agree that that amount is something that you incurred in preparation for the criminal case?

A. Not me, but other employees.

Q. But it was in sole preparation for the criminal case.

A. Correct.

Q. That was in lieu of, say, a detective doing it, or somebody from the Prosecutor's Office, or an expert hired by the State.

A. The detective requested the information.

Q. Okay.

A. That's why we did it.

{¶ 18} We find, as did the *Lalain* court as cited above, "these expenditures are not the direct and proximate result of the commission of the theft offense; rather, they are consequential costs incurred subsequent to the theft to value the property that had been taken." Pursuant to the Supreme Court of Ohio's decision in *Lalain,* we find the trial court abused its discretion in including the $2,500.00 amount in the restitution order.

{¶ 19} The sole assignment of error is granted.

{¶ 20} The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby reversed, and the matter is remanded to said court to amend the restitution order consistent with this opinion.

By Wise, Earle, J.

Delaney, P.J. and

Wise, John, J. concur.


EEW/sg 405