[Cite as *State v. Bennett*, 2018-Ohio-3934.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 28849 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSEPH BENNETT | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR-2017-02-0556 |

DECISION AND JOURNAL ENTRY

Dated: September 28, 2018

HENSAL, Judge.

{¶1}    Joseph Bennett appeals a judgment of the Summit County Court of Common Pleas that ordered him to pay $18,000 in restitution. For the following reasons, this Court affirms.

I.

{¶2}    After police recovered a stolen trailer on Mr. Bennett's property, the Grand Jury indicted him on one count of receiving stolen property. Mr. Bennett pleaded guilty to the offense. At sentencing, the court conducted a hearing on the amount of restitution that Mr. Bennett should be ordered to pay. The State argued that the amount should include the value of the tools that were inside the trailer when it was stolen, but had disappeared by the time it was recovered. The trial court agreed, and ordered Mr. Bennett to pay $18,000 in restitution in addition to imposing community control. Mr. Bennett has appealed, assigning as error that the trial court exercised improper discretion when it determined the amount of restitution.

II.

ASSIGNMENT OF ERROR

THE TRIAL COURT[ ] ABUSED ITS DISCRETION IN ORDERING RESTITUTION IN AN AMOUNT UNRELATED TO THE CRIME FOR WHICH MR. BENNETT PLED.

{¶3} Mr. Bennett argues that the trial court abused its discretion when it included the value of the missing tools in its restitution order because there was no evidence that he knew the trailer had contained them. Revised Code Section 2929.18(A)(1) provides that a sentencing court may impose a financial sanction on an offender, which includes restitution to the victim of the offense, "based on the victim's economic loss." "'Economic loss' means any economic detriment suffered by a victim as a direct and proximate result of the commission of an offense and includes * * * any property loss * * * incurred as a result of the commission of the offense." R.C. 2929.01(L). "[T]he court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information * * *." R.C. 2929.18(A)(1).

{¶4} "An award of restitution is limited to the actual loss caused by the defendant's criminal conduct for which he or she was convicted, and there must be competent credible evidence in the record from which the court may ascertain the amount of restitution to a reasonable degree of certainty." *State v. Henderson*, 9th Dist. Summit No. 26682, 2013-Ohio-2798, ¶ 7. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is

that "which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

{¶5} At Mr. Bennett's sentencing hearing, the trial court received evidence regarding the amount of restitution it should order. The State submitted a pre-sentence investigation report on which Mr. Bennett agreed the court could rely in determining the amount. The report included a victim impact statement that indicated that, although the victims' trailer had been recovered, it had contained tools that were not recovered. The victims estimated that the tools had a value of $20,000. The victims reported that they were reimbursed $2,500 from their insurer, but because of a $500 deductible, their loss was $18,000. The report also included a five-page list detailing each of the missing tools, along with the price that the victims had paid for each tool if they still had their receipt. Mr. Bennett also testified at the hearing. He testified that he had allowed a friend to store the trailer on his property and that it was locked at the time it was brought onto his property. He testified that the following day it was unlocked, so he opened it and saw that it was empty. He, therefore, argued that the restitution amount should not include the cost of replacing the stolen tools and should be limited to the amount of the victims' insurance deductible.

{¶6} Under Section 2929.18(A)(1), the trial court may base its award of restitution on the amount "recommended by the victim[s]," which is what it did in this case. Although Mr. Bennett contested whether he knew the trailer had contained tools, at the plea hearing the State explained that the reason the offense was a felony of the fourth degree was because the value of the property involved in the offense included the value of both the trailer and the tools. Accordingly, upon review of the record, we cannot conclude by clear and convincing evidence

that the record does not support the trial court's restitution finding. We also conclude that Mr. Bennett has not demonstrated that the amount of restitution the trial court ordered is otherwise contrary to law. Mr. Bennett's assignment of error is overruled.

### III.

**{¶7}** Mr. Bennett's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

SCHAFER, P. J.
CONCURS.

CALLAHAN, J.
CONCURRING IN JUDGMENT ONLY.

{¶8} I agree that the trial court's restitution order should be affirmed, but I am compelled to write separately because I disagree with the majority's rationale. Mr. Bennett pleaded guilty and, in doing so, waived his right to assert error in connection with his conviction. I would overrule his assignment of error on that basis.

{¶9} As an initial matter, however, the majority's statement of the standard of review that applies to its analysis is of concern. Restitution is a matter entrusted to the discretion of the trial court. *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, paragraph one of the syllabus. This Court has applied an abuse of discretion standard to restitution orders in the past. *See*, *e.g.*, *State v. Stevens*, 9th Dist. Medina Nos. 16CA0033-M, 16CA0034-M, 2017-Ohio-5482, ¶ 17. Other districts have applied a standard of review that blends abuse of discretion and sufficiency. *See*, *e.g.*, *State v. Spencer*, 5th Dist. Delaware No. 16 CAA 04 0019, 2017-Ohio-59, ¶ 43. *See also State v. Ford*, 9th Dist. Summit No. 26457, 2013-Ohio-1768, ¶ 7-12 (concluding that the trial court's "restitution calculation is not supported by the record."). Still other districts apply the standard of review for felony sentencing in general articulated by the Ohio Supreme Court in *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002. *See*, *e.g.*, *State v. Thornton*, 1st Dist. Hamilton No. C-160501, 2017-Ohio-4037, ¶ 12. This Court has not adopted the *Marcum* standard for restitution orders in the past, and caution is warranted in changing course.

{¶10} Regardless, however, I would affirm the trial court's judgment in this case because Mr. Bennett waived his right to assert this error on appeal. A defendant who enters a knowing, voluntary, and intelligent guilty plea waives all nonjurisdictional defects for the

purpose of future proceedings. *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, ¶ 78. A defendant who pleads guilty may challenge the trial court's computation of restitution when it is not part of the plea agreement. *See generally Lalain* at ¶ 10. A defendant may also allege error on appeal if the trial court orders restitution that relates to charges to which the defendant did not plead guilty. *See State v. Friend*, 68 Ohio App.3d 241, 243 (10th Dist.1990).

{¶11} On its face, Mr. Bennett's argument falls into the second category, but unlike the cases that he has cited in his brief, Mr. Bennett does not allege that the trial court ordered restitution related to another charge against him to which he did not plead guilty. Instead, he argues that despite his plea, he did not knowingly receive the contents of the stolen trailer at issue. The record of Mr. Bennett's plea hearing, however, indicates that the State explained to the trial court that the tools from inside the trailer formed part of the charged offense and that their value elevated the charge to a fourth-degree felony. Mr. Bennett then represented that he understood that he was pleading guilty to a fourth-degree felony.

{¶12} The substance of Mr. Bennett's argument is not that the trial court erred in its computation of restitution or, as he maintains, that he was ordered to pay restitution in connection with a charge of which he has not been found guilty. His argument is that he was not guilty of receiving stolen property with respect to the tools that were contained within the trailer. The record reflects that Mr. Bennett waived this alleged error by pleading guilty, and I would overrule his assignment of error on that basis.

APPEARANCES:

ALAN M. MEDVICK, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorneym, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.