[Cite as *State v. Osborne*, 2021-Ohio-3352.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

                                No. 110237

    v.                           :

NEIL OSBORNE,                            :

    Defendant-Appellant.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; REVERSED AND
                     REMANDED IN PART
**RELEASED AND JOURNALIZED:**  September 23, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-649718-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Marco Tanudra, Assistant Prosecuting Attorney, *for appellee*.

Rick L. Ferrara, *for appellant*.

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Neil Osborne, pleaded guilty to aggravated arson in violation of R.C. 2909.02(A)(1).  The trial court sentenced him to six years in prison and ordered restitution to five of the 11 victims named in the indictment.

Osborne appeals his sentence and the restitution order. Finding some merit to the appeal, we affirm in part, reverse in part, and remand for the purpose of determining restitution.

{¶ 2} In March 2020, Osborne was charged with two counts of aggravated arson — Court 1 alleged a violation of R.C. 2909.02(A)(1), a felony of the first degree, and Count 2 alleged a violation of R.C. 2909.02(A)(2), a second-degree felony. The state claimed that Osborne set fire to an apartment building in Brook Park where his wife and child were living. The police officer who responded to the fire and eight tenants of the building were also identified as alleged victims.

{¶ 3} In October 2020, Osborne pleaded guilty to Count 1; the state nolled Count 2. The issue of restitution was not discussed during the plea hearing, but the case was passed for sentencing for the purpose of obtaining a presentence investigation report.

{¶ 4} At sentencing, mitigation evidence was presented on behalf of Osborne. Specifically, it was presented that he had no prior criminal record and that he was currently receiving psychiatric care for depression and anxiety. Medical reports from his treating physicians were submitted to the court for review. The presentence investigation report included a confidential victim summary sheet, which provided the victims' opinions or comments, and statements regarding restitution.

{¶ 5} The trial court sentenced Osborne to six years in prison and ordered that he pay a total restitution amount of $7,765 to five of the 11 victims. This appeal followed.

## I. Sentence

{¶ 6} In his first assignment of error, Osborne contends that the trial court erred in imposing a six-year term of imprisonment by specifically failing to consider or apply the factors in R.C. 2929.13(D), to overcome the presumption of prison.

{¶ 7} R.C. 2909.02(A)(1) classifies aggravated arson as a felony of the first degree. An offender who commits such a felony may be sentenced from three to 11 years in prison. *See* R.C. 2929.14(A)(1). In fact, a conviction for a felony of the first degree carries a presumption that a prison term is necessary to comply with the purposes and principles of felony sentencing. R.C. 2929.13(D)(1). Despite this presumption, a trial court "*may* impose a community control sanction * * * instead of a prison term * * * for a felony of the * * * first degree" if, after weighing the applicable seriousness and recidivism factors under R.C. 2929.12, it finds a community control sanction would both (1) "adequately punish the offender and protect the public from future crime" and (2) "not demean the seriousness of the offense." R.C. 2929.13(D)(2)(a)-(b). Accordingly, a trial court is only required to make findings under R.C. 2929.13(D) when it decides to deviate from the presumption of prison and instead impose a community control sentence.

{¶ 8} In this case, because the trial court followed the presumption of prison by imposing a six-year sentence, it was not required to issue any findings pursuant to R.C. 2929.13(D). Osborne's first assignment of error is overruled.

## II. Restitution

**{¶ 9}** In the presentence investigation report, five of the victims presented information regarding restitution. The report indicated that victim, K.O., did not seek restitution but that she and her daughter "suffered approximately $5,000 worth of damaged belongings." At sentencing, K.O. made a victim-impact statement, but did not address the issue of restitution. The trial court ordered Osborne to pay K.O. restitution in the amount of $4,000.

**{¶ 10}** Victim J.S. provided a statement to the probation department on behalf of himself, his girlfriend, and their minor child. The report did not note any insurance claim number, but requested $700 in restitution because they "suffered a loss of approximately $100 when [they] rented a U-Haul truck to move to a new apartment building, $500 for his renter's insurance deductible, and another $100 for another rental U-Haul truck when his apartment [was renovated following the fire]." The trial court ordered Osborne to pay J.S. restitution in the amount of $700.

**{¶ 11}** Regarding victim S.G., the report did not note any insurance claim number, but provided that S.G. requested her renter's insurance deductible in the amount of $500, which the trial court ordered Osborne to pay.

**{¶ 12}** The report also provided that victim B.S. was requesting $500 in restitution for his renter's insurance deductible based on the claim he filed through the Hartford Insurance company. However, no insurance claim number was provided in the report. The trial court ordered Osborne to pay B.S. restitution in the amount of $500.

{¶ 13} Finally, victim R.T. requested restitution in the amount of $2,065. According to the report, R.T. "suffered a loss of approximately $2,500, but only received a check from State Farm from his renter's insurance claim for $435 (after his $1,000 deductible was considered)." He told the probation department that "State Farm only provided coverage on items he was able to provide photos of." However, during sentencing, the prosecutor stated that R.T. was only requesting restitution in the amount of $1,000, which was his insurance deductible. The trial court ordered Osborne to pay R.T. restitution in the amount of $2,065.

{¶ 14} In his second assignment of error, Osborne contends that the trial court committed plain error in ordering restitution without sufficient evidence substantiating the restitution award and by ignoring a limitation of restitution based on the existence of insurance proceeds.

{¶ 15} R.C. 2929.18(A)(1) gives a sentencing court discretion to order restitution but not in an amount greater than the amount of economic loss suffered by the victim as a direct and proximate result of the commission of the offense. In order to determine the appropriate amount of restitution, the court "may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information." R.C. 2929.18(A)(1); *see also State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, paragraphs one and two of the syllabus. If, however, the amount of restitution is disputed by the offender, victim, or survivor, the trial court shall hold a hearing. *Id.*

The amount of restitution ordered must be supported by competent, credible evidence from which the court can discern the amount of restitution to a reasonable degree of certainty. *State v. Starr*, 8th Dist. Cuyahoga No. 102593 2015-Ohio-3675, ¶ 6, citing *State v. Roberts*, 8th Dist. Cuyahoga No. 99755, 2014-Ohio-115, ¶ 7-8. The evidence in the record must be enough to "substantiate the relationship of the offender's criminal conduct to the amount of the victim's loss." *Roberts* at ¶ 10, citing *State v. Brumback*, 109 Ohio App.3d 65, 83, 671 N.E.2d 1064 (9th Dist.1996).

{¶ 16} This court normally reviews an order of restitution for an abuse of the trial court's discretion. *State v. Pollard*, 8th Dist. Cuyahoga No. 97166, 2012-Ohio-1196, ¶ 7, citing *State v. Marbury*, 104 Ohio App.3d 179, 661 N.E.2d 271 (8th Dist.1995). Here, however, Osborne failed to object or contest the amount of restitution ordered at sentencing. He has therefore waived all but plain error. To constitute plain error, the error must be obvious on the record, palpable, and fundamental, so that it should have been apparent to the trial court without objection. *See State v. Tichon*, 102 Ohio App.3d 758, 767, 658 N.E.2d 16 (9th Dist.1995). A trial court commits plain error in awarding restitution that is not supported by competent, credible evidence. *Roberts* at ¶ 8.

{¶ 17} We initially note that restitution was not discussed during the plea hearing. In *Lalain*, the Ohio Supreme Court noted, however, that R.C. 2929.18 does not require incorporating restitution into plea agreements. *Lalain* at ¶ 23. *But see State v. Willard*, 11th Dist. Trumbull No. 2020-T-0040, 2021-Ohio-2552 (suggesting that restitution is part of the maximum penalty involved and should be

part of the Crim.R. 11 plea colloquy). Nevertheless, we find that the trial court's award of restitution was not supported by competent, credible evidence.

{¶ 18} In this case, the trial court based its restitution order solely on the victim statement summary prepared by the probation department as part of the presentence investigation report. The reliance on such report is allowable under R.C. 2929.18(A)(1). However, the information contained in the report is unsupported and at times, based on speculation. Specifically, victim K.O. told the probation department that she and her daughter suffered a loss of "approximately $5,000," but requested no restitution. Nevertheless, the trial court ordered Osborne to pay K.O. an arbitrary amount of $4,000. Additionally, two of the victims told the probation department that they sought reimbursement for their renter's insurance deductibles, but did not provide probation an insurance claim number. Another victim sought his deductible but also "approximate" costs for renting a U-Haul truck. Finally, victim R.T., stated that he was seeking his renter's insurance deductible, but also additional loss that his insurance would not cover because he could not provide proof of loss. Despite this request, the state told the judge that R.T. was only seeking his $1,000 deductible. The amounts awarded by the court, at least as they pertain to K.O. and R.T., are based on speculation and not on any documentary evidence or testimony before the court. Accordingly, those amounts are not supported by competent, credible evidence.

{¶ 19} Granted, if Osborne believed the amount of restitution ordered was excessive or improper, he had the opportunity to dispute the restitution award at the

sentencing hearing. *State v. Getz*, 12th Dist. Butler No. CA2015-08-159, 2016-Ohio-3397, ¶ 16. Such a dispute would have required the trial court to hold a hearing to establish the appropriate amount of restitution. However, we find that the trial court committed plain error because it appears that the trial court may have awarded restitution in an amount greater than the actual loss suffered.

{¶ 20} The second assignment of error is sustained. The restitution order is hereby vacated and the matter is remanded to the trial court to determine the appropriate amount of restitution in accordance with R.C. 2929.18 and *Lalain,* 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423.

{¶ 21} Judgment affirmed in part, and reversed in part. Case remanded for the limited purpose of determining restitution.

It is ordered that the parties share equally in the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence and for the limited purpose of determining restitution.

A certified copy of this entry shall constitute the mandate pursuant to Rule

27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR