[Cite as *State v. Green*, 2022-Ohio-4524.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| v. | : | No. 111741 |
| DONALD GREEN, JR., | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED IN PART, VACATED IN PART,
AND REMANDED
**RELEASED AND JOURNALIZED:** December 15, 2022

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-21-662355-A

*Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Kenan E. Mack, Assistant Prosecuting
Attorney, *for appellee.*

Jeffrey S. Richardson, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Donald Green, Jr. ("Green") appeals the trial court's decision ordering him to pay $3,500 in restitution after he pleaded guilty to attempted receiving stolen property in violation of R.C. 2913.51(A) and 2923.02.

{¶ 2} Pursuant to Loc.App.R. 16(B), plaintiff-appellee, state of Ohio, concedes this error. After a thorough review of the record and law, we reverse in part, vacate in part, and remand for further proceedings consistent with this opinion.

**Factual and Procedural History**

{¶ 3} The charges against Green arose from an incident that occurred after Green sold an automobile to Ceera Brown ("Brown") for $9,500. On August 10, 2021, a few days after the sale of the vehicle, the car was stolen while parked in Brown's driveway. After Brown reported the automobile stolen, the police apprehended Green driving the vehicle. Brown claimed the vehicle sustained damages from the time it was stolen and then returned to her possession.

{¶ 4} On September 2, 2021, a Cuyahoga County Grand Jury indicted Green on one count of receiving stolen property in violation of R.C. 2913.51(A). On October 22, 2021, Green pleaded not guilty to the indictment. On May 5, 2022, Green withdrew his former plea of not guilty, the state amended the charges, and Green pleaded guilty to one count of attempted receiving stolen property in violation of R.C. 2923.51(A) and 2923.02, a felony of the fifth degree.

{¶ 5} On June 14, 2022, the court sentenced Green to six months of community control. The trial court also ordered Green to pay restitution to Brown in the amount of $3,500 and court costs. On June 23, 2022, Green filed an oral motion to modify his six-month sentence to 60 days, which the trial court granted.

{¶ 6} On July 15, 2022, Green appealed the trial court's decision ordering Green's payment of $3,500 in restitution, presenting a single assignment of error for our review:

> The trial court erred by ordering Mr. Green to pay $3,500 in restitution with insufficient evidence.[1]

**Legal Analysis**

{¶ 7} In his sole assignment of error, Green argues that where he objected to the imposition of restitution and where no evidence was introduced to justify the amount of restitution, the trial court was required by R.C. 2929.18(A) to hold a hearing before ordering restitution. Green also argues that the court's order for restitution was an abuse of discretion because it required him to pay $500 more than requested by the victim. The state concedes that Green objected to the amount of restitution at his sentencing hearing and that the trial court was required to hold a full restitution hearing.

{¶ 8} An appellate court reviews an order for restitution under an abuse of discretion standard. *State v. Beckwith*, 8th Dist. Cuyahoga No. 111024, 2022-Ohio-2362, ¶ 9. The term abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983); *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463.

---

[1] On August 22, 2022, the trial court issued a journal entry that set a community-control sanctions/probation violation hearing on August 30, 2022. Because the alleged community-control sanctions/probation violation is unrelated to Green's appeal, we will not address this issue.

{¶ 9} A sentencing court has discretion to order a defendant to pay restitution in order to compensate a victim for economic loss. R.C. 2929.18(A)(1); *State v. Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, ¶ 20. A trial court is required to conduct a hearing on restitution where the offender, victim, or survivor disputes the amount of restitution ordered. *Lalain* at paragraph one of syllabus.

{¶ 10} The amount of restitution may be based upon

> an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense.

R.C. 2929.18(A)(1); *Lalain* at ¶ 3. "The amount of restitution must bear a reasonable relationship to the amount suffered." *State v. Miller*, 2017-Ohio-961, 86 N.E.3d 695, ¶ 10 (8th Dist.), citing *State v. Roberts*, 8th Dist. Cuyahoga No. 99755, 2014-Ohio-115, ¶ 8, citing *State v. Borders*, 12th Dist. Clermont No. CA2004-12-101, 2005-Ohio-4339. "The amount of restitution must also be supported by competent, credible evidence that demonstrates the amount of restitution to a reasonable degree of certainty." *State v. Fitz*, 8th Dist. Cuyahoga No. 109270, 2021-Ohio-1497, ¶ 20, quoting *Miller* at ¶ 10, quoting *Roberts* at ¶ 8, quoting *State v. Gears*, 135 Ohio App.3d 297, 300, 733 N.E.2d 683 (6th Dist.1999).

{¶ 11} Here, the state sought restitution for damages allegedly sustained by Brown's vehicle. Brown purchased a vehicle from Green for $9,500. A few days

later, the automobile was stolen from Brown's driveway and found within several hours in Green's possession. The vehicle allegedly sustained physical damage while under Green's control. The state argued that Brown subsequently sold the vehicle for only $6,500; the decrease in value from the original purchase price of $9,500 was due to the damage incurred while the vehicle was in Green's possession.

{¶ 12} The assistant prosecuting attorney requested restitution for the difference between the $9,500 Brown paid for the car and the $6,500 that the victim recouped by selling the car after it was returned to her with damages. The assistant prosecuting attorney initially requested restitution in the amount of $3,500 and then indicated it sought restitution in the amount of $3,000. Green objected to restitution and indicated that despite repeated requests for documentation or verification of the loss in value of the vehicle, no such information was provided. Brown did not testify at the sentencing hearing. Without accepting any testimony or evidence, the trial court ordered Green's payment of restitution in the amount of $3,500.

{¶ 13} Upon Green's objections as to the amount of restitution, the trial court was required to conduct a hearing on that issue. *Lalain*, 136 Ohio St.3d 248, 2013-Ohio-3093, 994 N.E.2d 423, at ¶ 27. The trial court should have held a restitution hearing and required the submission of competent, credible evidence that substantiated the amount of restitution to a reasonable degree of certainty. Because the trial court failed to conduct a restitution hearing in response to Green's objection and it ordered restitution without evidence that substantiated the amount,

we are constrained to find that the trial court abused its discretion and, thus, we sustain Green's assignment of error. We reverse and vacate the trial court's order of restitution and remand for the limited purpose of holding a restitution hearing in compliance with R.C. 2929.18(A)(1).

{¶ 14} Judgment reversed and vacated, in part, and remanded for proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK DANIEL CELEBREZZE, III, P.J., and
LISA B. FORBES, J., CONCUR