[Cite as *State v. Simerly*, 2026-Ohio-1959.]

IN THE OHIO COURT OF APPEALS
FIFTH APPELLATE DISTRICT
MUSKINGUM COUNTY, OHIO

| | |
|---|---|
| STATE OF OHIO | Case No. CT2025-0123 |
| Plaintiff - Appellee | <u>Opinion and Judgment Entry</u> |
| -vs- | Appeal from the Muskingum County Court of Common Pleas, Case No. CR2025-0442 |
| JESSICA SIMERLY | Judgment: Affirmed in part; Reversed in part; Remanded |
| Defendant - Appellant | Date of Judgment Entry: May 26, 2026 |

**BEFORE:** Andrew J. King; William B. Hoffman; Robert G. Montgomery, Judges

**APPEARANCES:** Joseph A. Palmer, Muskingum County Prosecutor's Office, Assistant Prosecuting Attorney, for Plaintiff-Appellee; April F. Campbell, for Defendant-Appellant.

*Hoffman, J.*

{¶1}   Defendant-appellant Jessica Simerly appeals the judgment entered by the Muskingum County Common Pleas Court convicting her following her pleas of guilty to attempted engaging in a pattern of corrupt activity (R.C. 2923.02, 2923.32(A)(1)), breaking and entering (R.C. 2911.13(B)), theft from a person in a protected class (R.C. 2913.02(A)(1)), two counts of possessing criminal tools with forfeiture specifications (R.C. 2923.24(A), 2941.1417(A)), theft from a person in a protected class with a forfeiture specification (R.C. 2913.02(A)(1), 2941.1417(A)), breaking and entering with a forfeiture

specification (R.C. 2911.13(B), 2941.1417(A)), and receiving stolen property (R.C. 2913.51(A)), sentencing her to an aggregate term of incarceration of forty-eight months, and ordering her to pay restitution in the amount of $23,800. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On June 10, 2025, police were dispatched to the home of the elderly victim. The victim's trail camera showed two persons, later identified as Appellant's two male codefendants, loading wheels into a red Ford F150 truck. They left the property with the stolen property. The truck was later stopped by police, and the driver was cited for driving with a suspended license. Appellant was a passenger in the vehicle at the time. The property owner also noticed a vacant building on the property had been broken into.

{¶3} On June 20, 2025, police were dispatched to the same property. Trail camera photographs showed a man and a woman, later identified as Appellant, towing away a log splitter with a four-wheeler. When officers arrived, the four-wheeler was located on the property, but no suspects were located. Police seized the four-wheeler.

{¶4} On June 22, 2025, police were again dispatched to the property. The victim was holding several people at gunpoint. The victim indicated the people had returned to the property to retrieve the four-wheeler, claiming they had run out of gas.

{¶5} Appellant was indicted by the Muskingum County Grand Jury along with two male codefendants. Appellant was charged with engaging in a pattern of corrupt activity, breaking and entering, theft from a person in a protected class, two counts of possessing criminal tools with forfeiture specifications, theft from a person in a protected class with a forfeiture specification, breaking and entering with a forfeiture specification, and receiving stolen property. The State amended the charge of engaging in a pattern of

corrupt activity as a felony of the second degree to a charge of attempted engaging in a pattern of corrupt activity as a felony of the third degree. Appellant pled guilty to all charges against her. The trial court sentenced her to an aggregate term of forty-eight months of incarceration.

**{¶6}** The trial court held a restitution hearing at which the victim testified. The victim estimated the total value of the tools stolen from his property was $23,800. The trial court found the victim's testimony to be credible, and ordered Appellant to pay restitution in the amount of $23,800, jointly and severally with her codefendants following their sentencing. It is from the October 29, 2025 judgment of the trial court Appellant prosecutes her appeal, assigning as error:

> I.  SIMERLY'S OFFENSES SHOULD HAVE MERGED.
>
> II.  THE TRIAL COURT ABUSED ITS DISCRETION IN ORDERING SIMERLY TO PAY THE VICTIM $23,800 BECAUSE THAT AMOUNT OF LOSS WAS NOT SUPPORTED BY COMPETENT, CREDIBLE EVIDENCE.

I.

**{¶7}** In her first assignment of error, Appellant argues her offenses are allied offenses of similar import because the offenses are related to a single incident on the same day, and involved a single victim. The State has conceded this assignment of error in its brief.

**{¶8}** Based on the State's concession, the first assignment of error is sustained.

## II.

{¶9} In her second assignment of error, Appellant argues the judgment awarding restitution in the amount of $23,800 is not supported by competent, credible evidence. We disagree.

{¶10} A trial court has discretion to order restitution in an appropriate case and may base the amount it orders on a recommendation of the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, but the amount ordered cannot be greater than the amount of economic loss suffered as a direct and proximate result of the commission of the offense. *State v. Lalain*, 2013-Ohio-3093, ¶ 27. The evidence which supports a court's restitution order can take the form of either documentary evidence or testimony. *State v. Moore,* 2022-Ohio-4261, ¶ 12 (5th Dist.). Where the court holds a hearing on restitution the offender has the "opportunity to cross-examine the witness about the amount of restitution" and to challenge the amount recommended by the victim. *State v. Choate*, 2015-Ohio-4972, ¶ 41 (9th Dist.).

{¶11} In the instant case, the items taken from the victim's property included tools the victim accumulated over forty-four years. At one point, the victim ran an auto shop. He testified two welders were stolen, one valued at $1,000 and one at $300. He testified a plasma cutter worth $300 was also stolen. The victim testified he had extra Craftsman sockets and wrenches which he purchased when Craftsman went out of business. He testified he had good tools, and had some industrial quality tools. The victim testified the trailer Appellant and her codefendants pulled away with his truck on it was a home-built trailer which was worth at least $7,500. He testified although they sold his truck for scrap, the engine block in the truck was rare and worth over $1,000.

{¶12} The victim testified he could not get into parts of his barn or storage building, and so he did not count any of the items stored in those buildings which might have been stolen in calculating his amount of loss. He also testified some items were stored in a house on the property he could not access, and therefore as to those items he could not assess what might be missing and did not include them. He testified he put a value solely on the things he could remember, and which he could confirm were missing after the thefts. He testified he did not include any items he could not remember in reaching a value of $23,800.

{¶13} Appellant cross-examined the victim. The victim testified the value was actually more than $23,800, but he was trying to be fair in estimating the total value. For example, he testified when he looked up the value of sockets which were stolen, the value was $7.00. However, he paid $1.00 a piece, and so he used the lower value. He reiterated on cross-examination the only items included in the $23,800 value were items he knew were missing.

{¶14} Although the victim was not sure exactly how many items were taken from his property, he testified he included only items he could confirm were stolen in his accounting, and he tried to be fair with his valuation rather than overstating the value. The trial court specifically found the victim's testimony to be credible. We find the trial court did not abuse its discretion in ordering restitution in the amount of $23,800, to be paid by Appellant jointly and severally with her codefendants after they are sentenced.

{¶15} The second assignment of error is overruled.

{¶16} The judgment of the trial court is affirmed as to the amount of restitution. The judgment of the trial court is otherwise reversed pursuant to the State's concession the offenses of which Appellant was convicted and sentenced were allied offenses, and

this case is remanded to that court for resentencing according to law, consistent with this opinion.

{¶17} Costs are waived.


By: Hoffman, J.

King, P.J. and

Montgomery, J. concur.